**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ANTONIO ALBANEZ, | No. 11-72217 |
| Petitioner, | |
| | Agency No. A070-924-063 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Juan Antonio Albanez, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Albanez failed to establish past persecution or a well-founded fear of future persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("[t]hreats . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks omitted); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Absent a showing of past persecution, Albanez is not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Consequently, his asylum claim fails.

Because Albanez failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000).

Substantial evidence also supports the agency's denial of CAT protection because Albanez failed to demonstrate it is more likely than not he will be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073.

Finally, we lack jurisdiction to grant Albanez the discretionary relief he references.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**